UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON STEPHEN REDHEAD, et al.,<br><br>    Plaintiffs.<br><br>  v.<br><br>MERCY HOUSING, et al.,<br><br>    Defendants. | Case No. 16-cv-00941-YGR<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 7, 10 |

    Plaintiff Ron Stephen Redhead ("Plaintiff") filed his original complaint on February 25, 2016. On March 16, 2016, Defendants Mercy Housing California 53, LP (erroneously sued herein as "Mercy Housing") and Karen Zhou (collectively, "Defendants") filed their Motion to Dismiss the Complaint. (Dkt. No. 7.) On March 30, 2016, Redhead filed a document headed "Amended Complaint." (Dkt. No. 8.) Thereafter, on April 4, 2016, Plaintiff filed a document entitled "Amendment to the Amended Complaint." (Dkt. No. 9.) Defendants then filed a Second Motion to Dismiss addressed to the Complaint, Amended Complaint, and Amendment to the Amended Complaint, on April 13, 2016. (Dkt. No. 10.)

    Defendants move to dismiss the amended complaint on the grounds of: (1) failure to plead a basis for federal subject matter jurisdiction; (2) failure to state a claim on which relief can be granted; (3) failure to serve defendants properly. Redhead filed a response on May 2, 2016 (Dkt. No. 13) along with a declaration in support of opposition to the motion (Dkt. No. 14).

    The Court having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Motions to Dismiss are **GRANTED WITHOUT LEAVE TO AMEND**. Because Plaintiff has already filed an amended complaint, does not offer a cognizable basis for the action or for amending to cure any defects in his response to the motion to dismiss, the Court finds dismissal without further opportunity to amend is appropriate.

**I.    BACKGROUND**

    The nature of Plaintiff's complaint is not altogether clear. From what the Court can discern, it appears the action concerns a dispute between Redhead and his neighbor, Defendant

Tim Giangiobbe. Redhead and Giangiobbe reside at Madonna Residence located at 350 Golden Gate Avenue, San Francisco, California ("Madonna Residence"). Defendant Mercy Housing California 53, LP owns and operates Madonna Residence, and Defendant Karen Zhou is the Senior Property Manager at Madonna Residence. Redhead alleges that Giangiobbe left "racist letters and notes" on his door, and a confrontation (or confrontations) ensued between them.

Redhead's handwritten amendments to his original complaint are largely incomprehensible and, in parts, illegible. Documents attached to the "Amended Complaint" indicate that Giangiobbe obtained a restraining order against Redhead and that Mercy Housing staff sent Redhead notices of lease violation based upon altercations with Giangiobbe. Redhead also alleges that Mercy Housing, Zhou, and Giangiobbe have conspired with one another to have Redhead jailed and to violate his civil rights.

Redhead asserts a wide array of legal violations arising from these facts. In the original complaint, Redhead cited several California Penal Code Sections and federal criminal statutes,[1] a California Assembly Bill relating to unlawful employment practices, and various local and federal statutes and ordinances. He appears to allege, in a general and conclusory way, that he has been discriminated against in his housing situation based on race, sex, and veteran status, and that Mercy Housing is engaged in violations of the San Francisco Health and Safety Code, violation of his lease agreement, and harassment/threats in violation of various California Penal Code sections. The Amended Complaint (Dkt. No. 8) does not actually allege any of these claims, but instead indicates that Giangiobbe obtained a restraining order against Redhead, and that Mercy Housing permanently "86[']d" Redhead's girlfriend and 9-year-old daughter, sometime after the filing of the original complaint. It attaches a copy of the restraining order, various letters and notices, and incident reports apparently submitted by Redhead to Mercy Housing. The "Amendment to

---

[1] Among the discernible criminal violations alleged in the original complaint are: (1) California Penal Code Section 422.56 regarding definitions to be applied to California Penal Code Title 11.6 Civil Rights; (2) "Article #299 Of the Criminal Code" apparently referring to California Penal Code Section 299 related to expungement of information in California's DNA and Forensic Identification Database; (3) California Penal Code section 1001.80 concerning former members of the United States military charged with misdemeanor offenses; and (4) California Penal Code section 528, which states that it is a felony to falsely impersonate another and, in that assumed character, marry another person.

2

Complaint" does not state any claims but instead adds Redhead's demands for relief in the form of: (1) a payment of $450,000,000.00; (2) apologies from several people; (3) the eviction and arrest of Giangiobbe "in front of" Redhead; (4) the arrest and/or firing of several Madonna Residence staff members, including Zhou, in front of Redhead; (5) ownership rights to the Madonna Residence building; and (6) an order that "the whole building has to move [out] immediately or go to prison or tell the whole truth and nothing but the truth." (Amendment to Amended Complaint, Dkt. No. 9.)

## II.    APPLICABLE STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiffs. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiffs to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536

F.3d 1049, 1055 (9th Cir. 2008).

**III. DISCUSSION**

Redhead has failed to allege a basis for jurisdiction in the federal court and has failed to allege a cognizable claim under federal or state law. His claims must be dismissed.

Federal courts are courts of limited jurisdiction. They have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). While California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case, federal courts can only adjudicate cases that the Constitution or Congress authorizes them to adjudicate. Cases where the federal court has jurisdiction are those where there is a diversity of citizenship (where the parties are from different states), a federal question (arising under the Constitution, laws, or treaties of the United States), or in which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing jurisdiction rests upon the party asserting it. *Id.* at 377. If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Even given a generous reading, and taking the allegations in all the various "complaint" documents together, Redhead fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Redhead fails to allege that any defendant was acting on behalf of the federal or state government, as would be required to state a claim for a federal civil rights violation. *See West v. Adkins*, 487 U.S. 42, 48-49 (1988) (a claim under 42 U.S.C. § 1983 requires constitutional violations committed by persons acting under color of state law). For example, Redhead simply includes an allegation of "The 1968 Civil Rights Act: Discrimination[¶] Harassment[¶] Racism[¶] Sexism," without specifying any right that was violated or any facts about any violation or whose conduct caused that violation. (Complaint at 2.)

Redhead's declaration in opposition to the motion to dismiss (Dkt. No. 14) is difficult to decipher, but appears to state, in a conclusory way, that he is being discriminated against and

treated unfairly on the basis of "the color of skin, sex, age, gender and creed," as well being a victim of entrapment and a conspiracy to have him arrested. The declaration does not offer any more facts or basis than his other filings that would establish defendants' liability under any federal statute or provision of the United States Constitution.

Further, to the extent Redhead's allegations rely on violations of the California Penal Code, they cannot state a claim since a private plaintiff generally cannot bring a complaint for relief based upon violation of criminal code sections. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (the courts "ha[ve] rarely implied a private right of action under a criminal statute" and only when there was some statutory basis for finding a civil cause of action); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming dismissal of claims under California Penal Code sections because they did not create enforceable individual rights). And, to the extent that Redhead is challenging a notice of violation of the terms of his lease or steps towards his eviction, he offers no apparent basis for jurisdiction over such a claim in the federal court.

### IV. CONCLUSION

In sum, Redhead has not alleged a viable basis for a claim against Mercy Housing or Zhou, and therefore has not alleged a basis for jurisdiction in federal court. The Court's reading of the complaint and amendments, as well as Redhead's response to this motion, confirm that any additional opportunities to amend would be futile.

Therefore, the Motions to Dismiss are **GRANTED WITHOUT LEAVE TO AMEND**.[2] This case is **DISMISSED** in its entirety.

This Order terminates Docket Nos. 7 and 10.

**IT IS SO ORDERED.**

Dated: June 6, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[2] Because the Court dismisses the action on jurisdictional and pleading grounds, it need not and does not reach Defendants' arguments regarding insufficiency of service.